

# Notice of Service of Process

null / ALL  
Transmittal Number: 23107511  
Date Processed: 04/26/2021

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide Agribusiness Insurance Company<br>Entity ID Number  3286268 |
| **Entity Served:** | Nationwide Agribusiness Insurance Company |
| **Title of Action:** | The Onionman Company, LLC, Vidalia Organics, Inc. and Shad J. Dasher vs. Nationwide Agribusiness Insurance Company and South Georgia Insurance Associates, LLC |
| **Matter Name/ID:** | The Onionman Company, LLC, Vidalia Organics, Inc. and Shad J. Dasher vs. Nationwide Agribusiness Insurance Company and South Georgia Insurance Associates, LLC (11172099) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Long County Superior Court, GA |
| **Case/Reference No:** | SUV2021000066 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 04/23/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Lindsey & Lacy, PC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**  
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## SUPERIOR COURT OF LONG COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
LONG COUNTY, GEORGIA
**SUV2021000066**
RR
APR 20, 2021 01:19 PM

Sherry Long, Clerk
Long County, Georgia

CIVIL ACTION NUMBER SUV2021000066

VIDALIA ORGANIC, INC.
THE ONIONMAN COMPANY, LLC
DASHER, SHAD J.

**PLAINTIFF**

VS.

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY
SOUTH GEORGIA INSURANCE
ASSOCIATES, LLC

**DEFENDANTS**

### SUMMONS

TO: NATIONWIDE AGRIBUSINESS INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Billy N Jones**
> **Jones, Osteen & Jones**
> **608 E. Oglethorpe Hwy.**
> **Hinesville, Georgia 31313**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of April, 2021.**

Clerk of Superior Court

Sherry Long, Clerk
Long County, Georgia

Page 1 of 1

Case 2:21-cv-00048-LGW-BWC   Document 1-1   Filed 05/21/21   Page 3 of 13

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
LONG COUNTY, GEORGIA
**SUV2021000066**
RR
APR 20, 2021 01:19 PM

Sherry Long, Clerk
Long County, Georgia

IN THE SUPERIOR COURT OF LONG COUNTY
STATE OF GEORGIA

THE ONIONMAN COMPANY, LLC, )
VIDALIA ORGANICS, INC. and )
SHAD J. DASHER, )
                                       )  CIVIL ACTION NO. _____

         Plaintiffs, )
v. )

NATIONWIDE AGRIBUSINESS )
INSURANCE COMPANY and )
SOUTH GEORGIA INSURANCE )
ASSOCIATES, LLC

         Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT & NEGLIGENT FAILURE TO PROVIDE INSURANCE

COME NOW, the Plaintiffs, THE ONIONMAN COMPANY, LLC, VIDALIA ORGANICS, INC., and SHAD J. DASHER, by and through undersigned counsel, and file this Complaint for Declaratory Judgment and damages for breach of contract or in the alternative damages for negligent failure to procure insurance coverage and show the Court the following:

1.

The Plaintiffs, The Onionman Company LLC and Vidalia Organics, Inc., are Georgia corporations having their principal place of business in Tattnall County, Georgia.

2.

The Defendant, Nationwide Agribusiness Insurance Company (hereinafter "Nationwide"), is an insurance company licensed and authorized to do business in the State of Georgia and regularly conducts insurance business throughout Georgia including, Long County, Georgia.

3.

Nationwide has a registered agent, Corporation Service Company, located in Gwinnett County, Georgia and may be served with this complaint and summons at the address of the registered agent which is 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

The defendant South Georgia Insurance Associates, LLC is a domestic limited liability company ("SGIA") with its registered agent being Stephen Tillman and its principal place of business located at 20 NW Park Ave., Baxley, Georgia 31513. Mr. Tillman may be served at 4 South Lee St., Baxley, Georgia. Both locations are in Baxley, Appling County, Georgia.

5.

The Plaintiff, Shad J. Dasher, is the registered agent and owner of both The Onionman Company LLC and Vidalia Organics, Inc.

6.

The Plaintiff, Shad J. Dasher, maintains his legal residence at 49 Lee Street S.E., Ludowici, Long County, Georgia, 31316.

7.

Venue and jurisdiction are therefore proper in this Court pursuant to O.C.G.A. § 33-4-1(4).

8.

The Plaintiffs entered into multiple bundled agribusiness insurance contracts with Nationwide pursuant to a single proposal from it. One of these was a Commercial Auto Policy number FPK BAN 3027301414 with effective dates 9/1/17 through 9/1/18 (the "policy" or "auto policy") (attached as Exhibit 1). The other Nationwide policies have the

same policy number, but different prefixes: FMPN (farm property/liability), FAEN (umbrella) and GLNO (general liability).

9.

SGIA is an agent or broker with specialized knowledge of farm business needs and secured the bundled Nationwide policies pursuant to Nationwide's proposal for all coverages including farm property and equipment, general liability, commercial automobile and umbrella coverage. The insured automobiles are located in Long County, Georgia.

10.

Both Nationwide and SGIA knew that the insureds had the reasonable expectation that all farm property, equipment and commercial vehicles would be covered as to liability and first party losses and the same expectation that all vehicles including unscheduled mobile equipment and tractors would have the same coverages as the scheduled vehicles.

11.

The auto policy referenced herein specifically scheduled eight different vehicles for which a single premium was charged for the liability portion of the coverage and a further premium of $697.00 was charged for $500,000.00 uninsured/underinsured motorist coverage (add-on) to the liability limits. The policy also provided liability coverage for unscheduled mobile equipment which by definition includes "tractors."

12.

Nationwide and SGIA knew that the plaintiffs owned and operated several tractors primarily on the various insured farm properties, several tracts of which were separated by public roads. On occasion the tractors were operated on public roads. Georgia law requires liability insurance for such tractors when operated on public roads. Nationwide and SGIA

included on the commercial auto policy unscheduled mobile equipment and provided the same liability limits as the scheduled commercial vehicles ($1,000,000.00). Inexplicably and because of ambiguity in the declarations' pages, UM/UIM coverage available for all listed vehicles for a total premium of less than $700.00 is not shown for the mobile equipment/tractors which are insured for liability.

13.

In Georgia, drivers are not required to carry UM insurance, but insurers are nevertheless required to offer UM coverage to their insureds whenever an "automobile liability policy or motor vehicle liability policy" is issued or delivered in Georgia. O.C.G.A. § 33–7–11(a)(1). Such policies must include UM coverage unless the insured rejects such coverage in writing. If the insured fails to reject the coverage in writing or specify some other limit of UM coverage, the subject "automobile liability policy or motor vehicle liability policy" is deemed to provide UM coverage in the amount of the liability coverage limits of the policy. *See* O.C.G.A. § 33–7–11(a)(1)(B). Tractors are subject to these laws when operated on public roads and Nationwide "Agribusiness" and SGIA knew or should have known this.

14.

While Nationwide provided liability coverage for unscheduled mobile equipment including the plaintiffs' tractors on the auto policy, plaintiffs were neither offered nor did they reject in writing uninsured/under-insured motorist coverage for the tractors utilized in their business and occasionally operated on public roads. Accordingly, Nationwide is deemed to provide such coverage in an amount equal to the automobile liability coverage limits of the policy on any occasion where such tractors were operated on public roads i.e., $1 million.

15.

The Plaintiff, Shad J. Dasher was in a motor vehicle accident that occurred on or about the 1st day of November, 2017 (the "accident"). Mr. Dasher was operating a 1993 John Deere 5400 tractor (one of the farm tractors) on State Route 196 in Tattnall County when the tractor was rear-ended by James A Lester driving a 2011 Chevrolet Cruise LS which was following too closely because Lester failed to maintain a proper lookout for traffic ahead. Both vehicles were proceeding on the road in a westbound direction. Mr. Dasher sustained severe and permanent personal injuries. As an agent and employee of the other plaintiffs and as a scheduled driver, Mr. Dasher is an insured under the auto policy and its UM/UIM provisions.

16.

The damages for the personal injuries of Shad J. Dasher far exceeded the liability limits ($25,000.00) of the State Farm policy of insurance on Mr. Lester's vehicle. State Farm has paid its liability limits to Mr. Dasher thereby triggering the UM/UIM coverage under the auto policy.

17.

Plaintiff, Shad J. Dasher, filed a Complaint against James A. Lester in the Superior Court of Long County, State of Georgia, having Civil Action No. 2018-V-206RR (the "Lawsuit") alleging damages from the November, 2017 accident. A copy of that Complaint is attached hereto as Exhibit 2 and is incorporated herein by reference. Nationwide was served with a copy of the summons and complaint of the Lawsuit, as the uninsured motorist carrier for The Onionman Company LLC, Vidalia Organics Inc. and Shad J. Dasher, as provided by Georgia law.

18.

Nationwide disclaimed UM/UIM coverage for the Dasher lawsuit, and an earlier lawsuit for declaratory judgment brought by plaintiffs seeking a declaration of UM/UIM coverage was dismissed *without prejudice* on a motion by Nationwide in that federal court proceeding, No. 2:20-cv-18, Southern District of Georgia, Brunswick Division. In that action the coverage was mistakenly alleged to flow from the farm policy instead of the automobile policy—both of which have the same number, but different letter prefixes. While all of the policies were bundled and paid for as a package, as is shown herein, Nationwide was obligated to furnish UM/UIM coverage under the commercial automobile policy and did so as a matter of law.

19.

Plaintiff Shad J. Dasher is an "insured" under the auto policy and is entitled to the UM/UIM coverage which by operation of law is $ 1 million, or such other amount as is found to be due and owing on account of his injuries and damages in the pending tort action.

20.

An actual and justiciable controversy exists between The Onionman Company LLC, Vidalia Organics Inc. and Shad J. Dasher and Nationwide and SGIA as is shown more fully in the Counts of this Complaint which follow.

## COUNT I
## DECLARATORY JUDGMENT

21.

Plaintiffs hereby incorporate by reference paragraphs (1) through (20), the same as if those paragraphs were repeated herein verbatim.

22.

This court has jurisdiction to issue a declaratory judgment in this case pursuant to O.C.G.A. § 9-4-2, because Nationwide failed to provide Dasher with UM/UIM insurance benefits under the auto policy for the accident involving the John Deere tractor Dasher was operating on behalf of the company plaintiffs. It was required to provide this coverage *by operation of Georgia law* because the tractors insured for liability under the auto policy were occasionally operated on public roads and Nationwide was required to offer the UM/UIM coverage and absent a signed rejection of the coverage offered under Georgia law the UM/UIM coverage equal to the liability limits became effective for all mobile equipment for which liability insurance was provided including the tractor involved in the accident.

23.

Nationwide was lawfully served in the tort action referred to herein pursuant to the uninsured motorist statute and has refused to provide UM/UIM coverage to Dasher as required by law, which coverage is now applicable to Dasher's injuries and damages from the accident. The limits of the liability coverage for Lester have been paid to Dasher by his liability insurer State Farm, thereby triggering Nationwide's duty to provide UM/UIM coverage for Dasher up to and including the liability limit of the coverage on the plaintiffs' mobile equipment which includes the tractor involved in the accident. Dasher is a listed driver on the auto policy, was operating the tractor on behalf of the insured companies, is an insured under the auto policy and is entitled to UM/UIM benefits which the auto policy afforded by operation of law.

24.

Based on the foregoing Plaintiffs pray for a declaration that (a) the Nationwide auto

policy provided UM/UIM coverage on the John Deere tractor and such other mobile equipment/ tractors for which liability coverage was provided because it failed to offer the coverage as required by law and because the Plaintiffs did not reject such coverage in writing; (b) Dasher was an insured under the policy with respect to the UM/UIM benefits provided by the policy up to and including the limits of the liability coverage on mobile equipment/tractors and the coverage is fully applicable to Dasher's injuries and damages from the accident because the limits of Lester's liability insurance with State Farm have been exhausted: (c) that the limits of available UM/UIM coverage under the auto policy are $1 million; and (d) that Nationwide has a duty to participate in the tort action against Lester under the laws applicable to UM/UIM carriers as it has been properly served with that lawsuit.

## COUNT II
## BREACH OF CONTRACT AGAINST NATIONWIDE ONLY

25.

Plaintiffs hereby adopt and incorporate by reference the allegations in paragraphs (1) through (20), the same as if those were repeated herein verbatim

26.

The Nationwide auto policy provided UM/UIM coverage to the Plaintiffs' farm tractor operated by plaintiff Dasher at the time of the accident on a public road on behalf of the Plaintiffs. The amount of such coverage is $ 1 million by operation of Georgia law and has been triggered because the liability limits of Lester's policy have been paid to Dasher exhausting his coverage.

27.

Dasher is entitled to UM/UIM coverage up to and including the $1 million liability limit of that coverage and Nationwide has breached the contract by refusing to participate in the tort

action as the UM/UIM insurer and denying that it had a duty or obligation to provide such coverage in breach of the contract.

28.

Plaintiff Dasher prays for recovery of the UM/UIM benefits available to him as an insured under the auto policy for his injuries and damages up to the limits of the policy in an amount that the tort action against Lester determines is due and owing to him for his injuries and damages.

**COUNT III**
**NEGLIGENT FAILURE TO PROCURE AND PROVIDE UM/UIM COVERAGE AGAINST SGIA AND NATIONWIDE**

29.

Plaintiffs hereby adopt and incorporate by reference paragraphs (1) through (20) of the Complaint, the same as if those paragraphs were repeated herein verbatim.

30.

In the event that the Court determines that Nationwide did not afford Dasher UM/UIM coverage under the auto policy as alleged herein, Plaintiffs assert that both SGIA and Nationwide were jointly and severally negligent in failing to provide or offer UM/UIM coverage for Plaintiffs mobile equipment/tractors, which they knew were on occasion operated on public roads because the various farm tracts insured were separated by them.

31.

Nationwide and SGIA made a single proposal to the Plaintiffs to bundle or package four separate insurance policies including the auto policy to provide a complete blanket of insurance for all farm property and all vehicles including tractors. Nationwide Agribusiness specializes in providing such coverage and SGIA is a sophisticate farm insurance agent or broker. SGIA

9

encouraged Dasher to move all vehicles owned by him and the companies to the Nationwide policies and the auto policy.

32.

SGIA knew and Nationwide knew or should have known that the Plaintiffs on occasion operated one or more tractors on public roads. With that knowledge SGIA and Nationwide provided liability insurance for unscheduled mobile equipment on the auto policy which included the farm tractors. Inexplicably, SGIA and Nationwide overlooked the need to provide attendant UM/UIM coverage for Dasher or other authorized employees who would have occasion to operate a tractor on a public road.

33.

Plaintiffs were neither offered nor did they reject in writing UM/UIM coverage which should have been provided for the tractors and any other mobile equipment which are insured for liability on the auto policy. The aggregate cost for UM/UIM coverage on eight scheduled vehicles was $697.00 and had the coverage been offered for the tractors and mobile equipment it would have been accepted.

34.

Nationwide and SGIA are sophisticated sellers of comprehensive farm insurance policies and Plaintiffs relied on their expertise in providing the needed coverage for all aspects of the Plaintiffs businesses, including their use of automobiles and tractors. The very name "Nationwide Agribusiness Insurance Company" suggests specialized insurance expertise for farms. Plaintiffs had the reasonable expectation that UM/UIM coverage was provided and if there is finding it was not, that failure was due to the negligence of SGIA and Nationwide.

35.

In the unlikely event that it is determined that the auto policy did not afford UM/UIM coverage to Dasher for his injuries and damages from the accident, Plaintiffs pray that Dasher be afforded damages for the joint negligence of Nationwide and SGIA in failing to procure and provided needed UM/UIM coverage for the mobile equipment and tractors used in the Plaintiffs' businesses, specifically including the one involved in the accident, in an amount equal to the damages recovered in the tort action against Lester, less the limits of the liability insurance ($25,000.00) already paid to Dasher by Lester's insurer State Farm.

WHEREFORE, the plaintiffs pray for the relief sought herein and for such other relief as the Court deems just and equitable.

Respectfully submitted, this 20th day of April, 2021.

LINDSEY & LACY, PC

*/s/ J. Robert Persons* .
J. Robert Persons
Georgia Bar No. 573400

200 Westpark Drive, Suite 280
Peachtree City, Georgia 30269
Phone: (770) 486-8445
Fax: (770) 486-8889
rpersons@llpt.com
*Attorneys for Plaintiffs*

JONES, OSTEEN & JONES

*/s/ Billy N. Jones* .
Billy N. Jones
Georgia Bar No. 398800

608 E. Oglethorpe Hwy.
Hinesville, Georgia 31313
Phone: (912) 876-0888
bjones@jojlaw.com
*Attorneys for Plaintiffs*